UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIER LAONE WHITE,

          Plaintiff,                           Hon. Sally J. Berens

v.                                        Case No. 1:25-cv-423

BENJAMIN DEROSA, et al.,

          Defendants.

_____/

**OPINION**

Plaintiff Sier Laone White, a former inmate of the Ingham County Jail (IJC), filed a complaint against several IJC employees on April 16, 2025. (ECF No. 1.) Following initial review pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, the Court construed Plaintiff's complaint as asserting claims pursuant to 42 U.S.C. § 1983 and dismissed all claims except his individual capacity excessive force claim against Deputy Benjamin Derosa. (ECF No. 5 at PageID.19–20.)

Presently before the Court is Defendant Derosa's Motion to Dismiss, or in the Alternative for Summary Judgment. (ECF No. 14.) Plaintiff has failed to respond to Defendant Derosa's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] For the following reasons, the Court will **GRANT** the motion and **dismiss** this action **with prejudice**.

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley*, No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

## I.  Background

On April 2, 2023, at approximately 8:15 a.m., Plaintiff was lying in his bed in his cell at the ICJ. At the time, Deputy Derosa was conducting rounds and noticed Plaintiff's jail uniform on the floor of his cell. Deputy Derosa asked Plaintiff, who was under a blanket, if he was wearing a uniform, and Plaintiff responded, "No." (ECF No. 15-3 at PageID.66–67.) Deputy Derosa asked Plaintiff to lift his blanket to confirm that he was not wearing a second uniform, but Plaintiff refused to comply. Because jail policy precluded inmates from possessing more than one uniform, Deputy Derosa reached under the blanket to lift it up so that he could confirm that Plaintiff was not wearing a second uniform. (*Id.* at PageID.67.) Plaintiff claims that as Deputy Derosa lifted the blanket, he touched Plaintiff's thigh or inner thigh area. (*Id.*) Upon being touched, Plaintiff asked Deputy Derosa, "What the fuck he was doing and [told him] don't be rubbing on me!!" (ECF No. 15-4 at PageID.70.)

Following the incident, Plaintiff filed a complaint pursuant to the Prison Rape Elimination Act (PREA). Sgt. Pirochta, who conducted the investigation, interviewed Deputy Derosa, Plaintiff, and Plaintiff's cellmate, James Zarka. Deputy Derosa stated that he picked up the blanket to determine whether Plaintiff was wearing a second uniform. He did not mention touching Plaintiff's thigh. (ECF No. 15-3 at PageID.67.) Plaintiff said that Deputy Derosa reached under the blanket to make sure Plaintiff was not wearing a uniform and "touched [Plaintiff's] thigh area in the process." (*Id.*) Plaintiff denied any penetration or words exchanged of a sexual nature. When Sgt. Pirochta asked Plaintiff why Deputy Derosa would reach under the blanket, Plaintiff responded that his uniform was on the floor and Derosa asked him whether he had another uniform. (*Id.*) Finally, inmate White simply said that he saw Deputy Derosa reach under the blanket and lift it

off Plaintiff. (*Id.*) Based on his investigation, Sgt. Pirochta concluded that Plaintiff's complaint was unfounded. (*Id.*)

Plaintiff also filed a grievance. In describing the incident, Plaintiff said that Deputy Derosa "touch[ed] [his] inner thigh area" while lifting the blanket. (ECF No. 15-4 at PageID.70.) Plaintiff claimed that Deputy Derosa's touch, after Plaintiff told him he had no outfit on, "could only be one intention in touching me . . . and that's sexual intention." (*Id.* at PageID.71.)

## II.   Motion Standard

Deputy Derosa moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, summary judgement pursuant to Federal Rule of Civil Procedure 56. Because the Court has already reviewed the complaint under Rule 12(b)(6), and the motion presents matters outside the complaint, the Court will review the motion under the summary judgment standard.[2]

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment

---

[2] The Court finds that the PREA investigation report and Plaintiff's grievance and the responses to it are properly considered on summary judgment in this instance for the reasons the Sixth Circuit articulated in *Calhoun v. Morris*, No. 22-1795, 2023 WL 5009669 (6th Cir. July 31, 2023):

> The district court admonished Calhoun—but not Morris—for relying on the grievance responses, on the ground that they and the statements therein "are hearsay." However, the grievance responses and Morris's statements contained in the responses are likely admissible either under the business-records exception to the rule against hearsay, *see* Fed. R. Evid. 803(6), or as an admission by a party opponent, *see* Fed. R. Evid. 801(d). Moreover, we may—and do—consider the grievance responses in reviewing the district court's summary-judgment decision, even if they might not be admissible at trial, because Morris did not object to Calhoun's reliance on them; indeed, as noted above, she herself relied on them. *Cf.* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").

*Id.* at *2 n.1.

to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III.  Discussion

Based on its review of the record, the Court finds that Deputy Derosa has discharged his initial burden on summary judgment by presenting evidence showing that no reasonable jury could return a verdict in favor for Plaintiff.

Plaintiff's sexual abuse claim, which the Court has construed as an excessive-force claim, is governed by the standard set forth in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). *See Hale v. Boyle Cnty.*, 18 F.4th 845, 852 (6th Cir. 2021) (framing Fourteenth Amendment sexual abuse as excessive force). *Kingsley* set forth a two-pronged inquiry for Fourteenth Amendment excessive-force claims. Under the first prong, "an official must purposefully, knowingly, or (possibly) recklessly engage in the alleged physical contact with the detained person." *Hale*, 18 F.4th at 852 (internal quotation marks omitted). Under the second prong, "the official's use of force must be objectively unreasonable." *Id.* Objective reasonableness is evaluated from "the perspective of a

4

reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 576 U.S. at 397. The inquiry must also consider the government's "legitimate interests" in managing correctional facilities in order "to preserve internal order and discipline and to maintain institutional security." *Coley v. Lucas Cnty.*, 799 F.3d 530, 538 (6th Cir. 2015) (internal quotations omitted). The *Kingsley* Court further provided:

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. We do not consider this list to be exclusive. We mention these factors only to illustrate the types of objective circumstances potentially relevant to a determination of excessive force.

576 U.S. at 397 (internal citations omitted).

In analyzing a plaintiff's Eighth/Fourteenth Amendment sexual abuse claim, the court in *Bonham v. Simmons*, No. 1:22-cv-248, 2022 WL 2114942 (W.D. Mich. June 13, 2022), summarized the pertinent law as follows:

> "Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (discussing inmate abuse); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards). However, the United States Court of Appeals for the Sixth Circuit Court has joined multiple other courts to conclude that even incidents of sexual touching coupled with sexual remarks may not rise to the level of an Eighth Amendment violation so long as the offensive conduct was "isolated, brief, and not severe[.]" *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019) (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005)); *see also, e.g., Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320–21 (6th Cir. 2012) (finding that two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson*, 158 F. App'x at 661 (concluding that correctional officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards).

*Id.* at *4.

Applying the foregoing standards, Plaintiff's excessive-force/sexual assault claim is meritless. First, the relevant circumstances show that Deputy Derosa used *de minimis* force to accomplish a legitimate objective pertaining to the safety, security, and efficient operation of the jail: lifting Plaintiff's blanket to confirm that Plaintiff was not violating prison policy by having more than one jail uniform. In doing so, according to Plaintiff, Deputy Derosa touched Plaintiff's inner thigh, but the touch was "isolated, brief, and not severe," *Jackson*, 158 F. App'x at 661, and Plaintiff was not injured. In fact, it appears from the exhibits Deputy Derosa offers that the contact was merely incidental to Deputy Derosa's legitimate act of confirming that Plaintiff was not wearing a second jail uniform. *Cf. Solomon*, 478 F. App'x at 320–21.

As for the subjective component, there is no evidence indicating that Deputy Derosa acted with the requisite degree of culpability, even under *Kingsley*'s modified subjective component. Plaintiff admitted during his interview that Deputy Derosa did not say anything of a sexual nature or otherwise indicate he touched Plaintiff for sexual gratification. At most, it appears that the touch was due to "[m]ere negligence or accident," which does "not suffice" for a Fourteenth Amendment claim. *Hale*, 18 F.4th at 852.

Deputy Derosa also contends that he is entitled to qualified immunity. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane Cnty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once a defendant raises the qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the defendant violated a right so clearly established "that every 'reasonable official would [have understood] that what he [was] doing violate[d] that right.'"

6

*Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The analysis entails a two-step inquiry. *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). First, the court must "determine if the facts alleged make out a violation of a constitutional right." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Second, the court asks if the right at issue was "'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it." *Id.* (citing *Pearson*, 555 U.S. at 232). A court may address these steps in any order. *Id.* (citing *Pearson*, 555 U.S. at 236). A government official is entitled to qualified immunity if either step of the analysis is not satisfied. *See Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016).

Here, both steps of the analysis warrant qualified immunity for Deputy Derosa. First, for the reasons set forth above, Plaintiff fails to establish a constitutional violation. Second, Plaintiff fails to cite relevant authority indicating that Deputy Derosa's conduct violated Plaintiff's constitutional rights. That is, Plaintiff fails to cite any case establishing that Deputy Derosa's conduct violated Plaintiff's rights under the Fourteenth Amendment. In contrast, the Eighth Amendment cases cited above, which appear to be applicable to Plaintiff's Fourteenth Amendment sexual assault allegations here, show that Deputy Derosa did not engage in unlawful conduct.

## IV.  Conclusion

For the foregoing reasons, the Court will grant Deputy Derosa's motion for summary judgment (ECF No. 14) and dismiss this action with prejudice.

An order consistent with this opinion will enter.

Dated: February 24, 2026                        /s/ Sally J. Berens
                                                SALLY J. BERENS
                                                U.S. Magistrate Judge

7